## UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JULIAN FERNANDEZ, :<br>        Petitioner, :<br>:<br>        v. :<br>:<br>ERIC BUSH, :<br>THE DISTRICT ATTORNEY OF THE :<br>COUNTY OF MONTGOMERY, and :<br>THE ATTORNEY GENERAL OF THE :<br>STATE OF PENNSYLVANIA, :<br>        Respondents. :<br>: | No. 2:17-cv-02289 |

## O P I N I O N

**Petition for Writ of Habeas Corpus, ECF No. 1—Dismissed**
**Report and Recommendation, ECF No. 12—Approved and Adopted in part**

**Joseph F. Leeson, Jr.**                                          **January 18, 2019**
**United States District Judge**

## I.  INTRODUCTION

Petitioner Julian Fernandez filed a petition for writ of habeas corpus pursuant to 28

U.S.C. § 2254, challenging his conviction in the Montgomery County Court of Common Pleas of

two counts of possession with intent to deliver, two counts of possession of a controlled

substance, and one count of possession of drug paraphernalia. Magistrate Judge Thomas J.

Rueter issued a Report and Recommendation ("R&R") recommending that Petitioner's first

claim petition for a writ of habeas corpus be dismissed with prejudice as time-barred by the

statute of limitations, and Petitioner's second claim be dismissed without prejudice as an

unexhausted claim. Petitioner filed objections to the R&R. After de novo review, this Court

overrules the objections, adopts the R&R in part as explained herein, and dismisses the habeas

petition.

## II.    LEGAL STANDARD

When objections to a report and recommendation have been filed under 28 U.S.C.
§ 636(b)(1)(C), the district court must make a de novo review of those portions of the report to
which specific objections are made. 28 U.S.C. § 636(b)(1)(C); *Sample v. Diecks*, 885 F.2d 1099,
1106 n.3 (3d Cir. 1989). "District Courts, however, are not required to make any separate
findings or conclusions when reviewing a Magistrate Judge's recommendation de novo under 28
U.S.C. § 636(b)." *Hill v. Barnacle*, 655 F. App'x. 142, 147 (3d Cir. 2016). The "court may
accept, reject, or modify, in whole or in part, the findings and recommendations" contained in
the report. 28 U.S.C. § 636(b)(1)(C).

## III.    ANALYSIS

This Court adopts the R&R issued by Judge Rueter in part and writes separately to
address Petitioner's objections.

The Court adopts Judge Rueter's R&R only in part because there have been additional
proceedings in state court since Judge Rueter issued the R&R and this created an inaccuracy.
When Judge Rueter issued the R&R, Petitioner's second petition for state collateral relief filed
on March 29, 2016, was pending before the Pennsylvania's Post Conviction Relief Act (PCRA)
court and the PCRA court had entered a notice of intent to dismiss the petition as untimely
without a hearing. R&R 8, ECF No. 12. Since Judge Rueter issued the R&R, the Court of
Common Pleas dismissed this second PCRA petition. Criminal Docket, Court of Common Pleas
of Montgomery County, Docket Number CP-46-CR-0006474-2007 at 22, last accessed January
06, 2019 (hereinafter, "Criminal Docket"). Petitioner appealed this dismissal to the Superior
Court on August 9, 2018, and it remains on appeal. Criminal Docket at 23. As discussed below,
this inaccuracy does not affect the analysis of Petitioner's second claim.

Petitioner raises three objections: (1) that Judge Rueter's analyzed the timeliness of the first claim incorrectly; (2) that Petitioner exhausted his second habeas claim in state court; and (3) a general complaint about Petitioner's habeas claim. Petitioner argues that this Court should determine that his claims are timely and that he properly exhausted state remedies. For the following reasons, the Court overrules all of Petitioner's objections.

**A. Application of tolling principles to Petitioner's claim**

Petitioner objects first to Judge Rueter's analysis and definition of the doctrine of equitable tolling. Obj. 2, ECF No. 13. While his objection is under the heading "equitable tolling," the Court construes it generally as an objection to Judge Rueter's analysis of tolling to his first habeas claim because Petitioner makes only statutory tolling arguments. Petitioner argues that he filed his first PCRA petition "well within the statute of limitations applicable," and that the one-year period of limitations to seek habeas relief did not begin until December 30, 2016. Obj. 2. Petitioner's argument is incorrect.

As Judge Rueter correctly explained, Petitioner filed his first PCRA petition on September 24, 2014, after the time for filing a PCRA petition had already expired on August 22, 2013. R&R 2. Because "[a]n untimely PCRA petition is not 'properly filed' under section 2244(d)(2) and does not toll the [Antiterrorism and Effective Death Penalty Act (AEDPA)] statute of limitations." R&R 5 n.2 (citing *Pace v. DiGuglielmo*, 544 U.S. 408, 412-17 (2005)), Petitioner's objections based on statutory tolling are overruled. As Petitioner does not offer any explanation to excuse the untimeliness of his PCRA petition or habeas petition, his objections based on equitable tolling are also overruled. *See* R&R 7-8; *Jones v. Morton*, 195 F.3d 153, 159 (3d Cir. 1999). Thus, the instant petition filed on May 9, 2017 was brought almost four years after the AEDPA statute of limitations expired and the first habeas claim is untimely.

### B. Dismissal for nonexhaustion of state court remedies

Petitioner objects to Judge Rueter's conclusion that the second habeas claim has not been exhausted in the state court. He cites *Lambert v. Blackwell*, 387 F.3d 210, 232 (3d Cir. 2004), as support for his suggestion that he has given the state courts ample notice and time to decide the merits of his PCRA petition. Obj. 3. While Petitioner's reference to *Lambert* and *O'Sullivan v. Boerckel*, 526 U.S. 838, 847 (1999), are relevant, he misinterprets the requirements. After the Pennsylvania Supreme Court's order removed its review of criminal and collateral appeals from the "normal" and "established" appellate review procedure in Pennsylvania, *In re Exhaustion of State Remedies in Criminal and Post-Conviction Relief Cases*, No. 218 Judicial Administration Docket No. 1 (Pa. May 9, 2000), petitioners need not "seek review from the Pennsylvania Supreme Court in order to give the Pennsylvania courts a 'full opportunity to resolve any constitutional claims.'" *Lambert*, 387 F.3d at 233-34. This however, does not mean that petitioners may skip the PCRA court and Pennsylvania Superior Court. Because Petitioner's claim was pending in the Court of Common Pleas when Judge Rueter filed his R&R, it was correct to dismiss Petitioner's second claim without prejudice for nonexhaustion of state court remedies. Although the circumstances of the second claim have changed, because Petitioner's PCRA petition remains pending on appeal with the Superior Court, Judge Rueter's decision to dismiss for nonexhaustion of state court remedies remains correct. Therefore, Petitioner's second objection is overruled.

### C. General objection to Petitioner's status of incarceration

Petitioner's final objection deals generally with his pursuit of his PCRA claims. He discusses how he provided fair notice on the issues of retroactivity and ex post facto laws to the Public Defender's Office of Montgomery County but received no assistance. Obj. 3-4. Unlike

Petitioner's other objections, the Court is unable to construe this any way other than a general objection to Petitioner's status of incarceration and his view that he is being penalized unfairly.

As explained above, pursuant to 28 U.S.C. § 636(b)(1)(C), the district court must make a de novo review of those portions of the R&R to which *specific* objections are made.; *Sample*, 885 F.2d at 1106 n.3; *Goney v. Clark*, 749 F.2d 5, 7 (3d Cir. 1984) ("We are satisfied that providing a complete de novo determination where only a general objection to the report is offered would undermine the efficiency the magistrate system was meant to contribute to the judicial process."). Without a specific objection to Judge Rueter's R&R, this Courts review is properly limited to reviewing the record for plain error or manifest injustice. *Harper v. Sullivan*, No. 89-cv-4272, 1991 U.S. Dist. LEXIS 2168, at *2 n.3 (E.D. Pa. Feb. 22, 1991); *Oldrati v. Apfel*, 33 F. Supp. 2d 397, 399 (E.D. Pa. 1998). After review, the finds no plain error or manifest injustice. As such, Petitioner's third objection is overruled.

## IV.     CONCLUSION

After applying de novo review, this Court concludes that Judge Rueter correctly determined that the petition for writ of habeas corpus is time-barred with respect to the first claim and unexhausted with respect to the second claim. This Court therefore adopts the recommendation to dismiss the habeas petition and concludes that there is no basis for the issuance of a certificate of appealability[1] because jurists of reason would not find it debatable that the procedural rulings are incorrect. A separate Order follows.

---

[1]     "When, as here, the district court denies relief on procedural grounds, the petitioner seeking a COA must show both 'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" *Gonzalez v. Thaler*, 132 S. Ct. 641, 648 (2012) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

BY THE COURT:

_/s/ Joseph F. Leeson, Jr._
JOSEPH F. LEESON, JR.
United States District Judge